UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SAMUEL L. OUSLEY,<br>   Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action Number: |
| LAURA LYNN RAMIREZ,<br>   Defendant. | )<br>)<br>) |

## COMPLAINT FOR DAMAGES

Plaintiff, Samuel L. Ousley, by counsel, for his Complaint against Defendant, Laura Lynn Ramirez, states:

### I. PARTIES

1. Plaintiff, Samuel L. Ousley, is a 28-year-old resident of Rochester, Indiana. His current residence is 1895 W. Olson Road, Rochester, IN 46975. Plaintiff is a citizen and resident of the state of Indiana.

2. Plaintiff's state of citizenship and domicile is Indiana, and is the state in which he intends to live in for the long run.

3. Defendant, Laura Lynn Ramirez, is a 32-year-old citizen and resident of Pasadena, Texas. Her current residence is 2001 Jenkins Road, Pasadena, TX 77506.

4. Defendant's state of citizenship and domicile is Texas, and is the state in which she intends to live in for the long run.

### II. JURISDICTION AND VENUE

5. This Court has jurisdiction of this case pursuant to 28 U.S.C § 1332(a)(1). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Attached hereto as **Exhibit A** is a true and correct copy of the hospital lien for a total amount of $84,711.18. Moreover, Plaintiff has incurred additional bills as a result of the

1

collision. Plaintiff is a citizen of Indiana.  Defendant is a citizen of Texas.  Venue is properly before this Court under 28 U.S.C. § 1391(a)(2), because a substantial part of the event giving rise to this claim occurred in Galveston County, Texas.

6.   The Court has jurisdiction over the Defendant because she lives in Texas, and specifically, in this Court's District.

7.   Furthermore, venue is proper in this District 28 U.S.C. § 1391 because it is a civil action on diversity of citizenship involving matters, events, transactions and occurrences, a substantial portion which are relevant to Plaintiff's claims, took place within the geographical boundaries of the Southern District of Texas.

### III.   BACKGROUND

8.   On or about March 13, 2016, at approximately 4:07 p.m., Samuel L. Ousley was a passenger in a vehicle driven by Cheryl Thomas on IH-45 south of the Texas City WYE in Galveston County, Texas.

9.   At said time and place, Laura Lynn Ramirez was operating a Kia Soul when she rear-ended the vehicle Plaintiff was a passenger in.

10.  Cheryl Thomas' vehicle had engine problems and came to a stop in the middle lane when Defendant struck her vehicle.

11.  Samuel L. Ousley was taken immediately by ambulance to a nearby hospital.

12.  Plaintiff would sustain permanent and catastrophic injuries as a result of the automobile accident.

## IV.   NEGLIGENCE
### Count I - Liability

Comes now Plaintiff, Samuel L. Ousley, by counsel, and for Count I of this cause of action against Defendant, Laura Lynn Ramirez, states as follows:

13. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint for Damages, as though set out in full herein.

14. At said time and place, the Defendant, Laura Lynn Ramirez, was careless and negligent in one or more of the following respects:

   a. The Defendant carelessly and negligently failed to maintain a proper lookout ahead of her vehicle;

   b. The Defendant carelessly and negligently failed to keep her vehicle under proper control;

   c. The Defendant failed to exercise reasonable care to alter or divert the course of her automobile so as to avoid a collision;

   d. The Defendant carelessly and negligently failed to apply the brakes of her vehicle in time to avoid an accident; and,

   e. The Defendant carelessly and negligently operated her vehicle at an unreasonable rate of speed under the circumstances.

### Count II - Damages

Comes now Plaintiff, Samuel L. Ousley, by counsel, and for Count II of this cause of action against Defendant, Laura Lynn Ramirez, states as follows:

15. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint for Damages, as though set out in full herein.

16. As a direct and proximate result of the collision, the Plaintiff, Samuel L. Ousley, sustained severe and permanent injuries as a result of this incident.

17. As a result of his injuries and their effects, the Plaintiff, Samuel L. Ousley, in order to treat his injuries and to lessen his pain and suffering, has been required to engage the services of physicians and radiologists for medical care, x-rays, and medicines and have incurred medical bills for such treatment.

18. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff has missed time from work resulting in lost wages.

19. As a result of the injuries sustained in this collision, the Plaintiff's quality of life has diminished indefinitely.

20. As a direct and proximate result of the carelessness and negligence of the Defendant, as aforesaid, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, in an amount commensurate with his injuries and damages, for attorney's fees, for the costs of this action, for trial by jury, and for any and all other relief just and proper in the premises.

Respectfully submitted,

WILSHIRE LAW FIRM, PLC


/s/ Bobby B. Saadian
Bobby B. Saadian, Esq.
Attorney No. 24100275
Attorney for Plaintiff

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Boulevard
12th Floor
Los Angeles, CA 90010
Telephone:   (213) 381-9988
Facsimile:   (213)380-9989
bobby@wilshirelawfirm.com