United States District Court
Southern District of Texas
**ENTERED**
March 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:19-cv-00101

SAMUEL L. OUSLEY, PLAINTIFF,

v.

LAURA LYNN RAMIREZ, DEFENDANT.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

This lawsuit concerns a car accident that occurred on or about March 13, 2016, in Galveston County. Dkt. 1. The plaintiff, Samuel L. Ousley, alleges the defendant, Laura Lynn Ramirez, rear-ended a vehicle that he was traveling in as a passenger causing him injuries. *Id.*

Ramirez filed a motion to dismiss Ousley's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 12. The court considered the motion (Dkt. 12), Ousley's response (Dkt. 14), the reply (Dkt. 15), the pleadings, and the applicable law. The court finds dismissal is not warranted because Ousley's complaint sufficiently alleges diversity jurisdiction, curing his prior jurisdictional defect.

**I.**

For a district court to have diversity jurisdiction, the parties must be diverse in

1

citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Ousley alleges the court has jurisdiction over this case because Ousley is a citizen of Indiana, Ramirez is a citizen of Texas, and the amount in controversy exceeds the statutory requirement of $75,000. Dkt. 1 at 1–2. Ousley claims Ramirez's negligence caused him damages, including medical costs. Dkt. 1 at 2–4. As partial proof of damages, Ousley appended to his complaint a letter from the University of Texas Medical Branch at Galveston describing a medical lien totaling $84,711.18 for his treatment following the accident. Dkt. 1-1 at 2.

Ousley previously filed a lawsuit based on the same claims concerning the same car accident in the Northern District of Texas. Dkt. 12-1 at 2–5. On January 15, 2019, the District Court for the Northern District dismissed Ousley's claims against Ramirez due to lack of subject-matter jurisdiction. *Id.* at 6–19. The basis for the dismissal was that Ousley failed to sufficiently plead facts in support of diversity jurisdiction. *Id.* In the case filed in the Northern District, Ousley did not establish that the amount in controversy exceeds $75,000; instead, his complaint included only the bare allegation that damages reached the jurisdictional amount. *Id.* In his pleadings and in his response to the motion to dismiss filed in the Northern District, Ousley did not include any evidence, affidavits, or additional detail regarding damages to back up his assertion that damages total $75,000. *Id.* The District Court for the Northern District concluded that it was not facially apparent from the pleadings that damages totaled $75,000 or more, and when given the

opportunity, Ousley did not provide additional information on damages. *Id.* Therefore, the court dismissed Ousley's lawsuit, stating a Texas state court was the proper jurisdiction for the dispute. *Id.*

Ousley filed his complaint with this court on March 12, 2019. Dkt. 1. The key difference between his complaint filed with this court and his previous complaint filed in the Northern District is that Ousley appended the letter from the University of Texas Medical Branch regarding his medical lien; Ousley did not file any medical lien letter in the Northern District lawsuit. Dkt. 1-1 at 2. In Ramirez's motion to dismiss, she does not challenge the medical lien letter itself. Instead, she argues Ousley's claims are barred by res judicata and/or collateral estoppel because of the dismissal by the Northern District. Dkt. 12.

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Saint Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990).

## II.

### A. Ousley is not precluded from filing his lawsuit in this court.

Ramirez argues in her motion to dismiss that the related doctrines of res judicata and collateral estoppel preclude Ousley from filing another lawsuit in federal court. Under res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Id.* Res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and prevent inconsistent decisions. *Id.* Preclusion principles prevent a party from seeking to relitigate the same facts. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016).

While courts do apply res judicata to jurisdictional decisions when a party files a second lawsuit in some instances, *see, e.g.*, *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013), a dismissal of a suit for want of jurisdiction prior to a decision on the merits does not bar another suit <u>if the jurisdictional defect is remedied</u>. *Lopez v. Pompeo*, 923 F.3d 444, 446–47 (5th Cir. 2019). In *Lopez*, the plaintiff had previously filed a lawsuit seeking a judicial declaration of citizenship, but it was dismissed as barred by statute. *Id.* at 445. The plaintiff refiled the lawsuit

after curing the defect. *Id.* The Fifth Circuit held the second lawsuit was not barred by res judicata: "when this court dismisses a case due to failure of one particular jurisdictional element, and the party later cures that jurisdictional defect and brings a new suit, res judicata does not bar the second suit." *Id.* at 447 (citing 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE (JURISDICTION) § 4436 (3d ed. 1998)); *see also Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 777 (N.D. Tex. 2008) (holding prior dismissal for lack of personal jurisdiction did not prevent plaintiff from filing the same claims in another court where defendants were amenable to suit).

Here, the court will not give the Northern District's dismissal the preclusive effect Ramirez urges because Ousley has, by submitting evidence of the medical lien for $84,711.18, cured the earlier jurisdictional defect. Dkt. 1-1 at 2; *see Lopez*, 923 F.3d at 446–47 (reversing the dismissal of plaintiff's suit on res judicata grounds).

### B. The cases cited by Ramirez are distinguishable.

The two key cases Ramirez relies on are *Boone v. Kurtz*, 617 F.2d 435 (5th Cir. 1980), and *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344 (5th Cir. 1985). Both cases are distinguishable because in neither were new jurisdictional facts presented to the court. In *Boone*, an income-tax dispute, the plaintiffs filed a second lawsuit in the same court that was "almost identical" to the

first. *Boone*, 617 F.2d at 436. The only difference in the second lawsuit was the addition of the commissioner of the IRS as a defendant in addition to IRS agents previously named. *Id.* Because the same jurisdictional analysis applied to the new governmental agent defendant, res judicata applied. *Id. Daigle* involved federal-question jurisdiction and a direct appeal, not a second lawsuit. *Daigle*, 774 F.2d at 1344–49. No new jurisdictional facts were alleged. *Boone* and *Daigle* stand for the idea that preclusion may bar relitigation of jurisdictional issues where plaintiffs seek to take another bite of the apple.

Here, while it is unclear what caused Ousley's delay in providing any proof of damages, he does present different jurisdictional facts to the court in the form of the medical-lien letter. Dkt. 1-1 at 2. Even though the court declines to give the prior dismissal preclusive effect here, the concerns the preclusion doctrines of res judicata and collateral estoppel seek to remedy—including conservation of judicial resources and costs incurred unnecessarily by parties—are present here. *See Allen*, 449 U.S. at 94 ("res judicata and collateral estoppel . . . reduce unnecessary litigation"). In its dismissal opinion, the District Court for the Northern District meticulously catalogues the various ways Ousley and his counsel have caused delay and wasted resources. Dkt. 12-1 at 6–19. The court warns Ousley that while his claim survives this motion to dismiss, further unnecessary and wasteful tactics will not be tolerated.

* * *

For the above-stated reasons, the court denies Ramirez's motion to dismiss (Dkt. 12).

SIGNED on Galveston Island on the 24th day of March, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE